OPINION
The State of Ohio appeals the decision of the Harrison County Common Pleas Court which granted the suppression motion of defendant-appellee Shawn M. Cantelupe. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
On September 14, 1998, law enforcement officers were patrolling an area in Harrison County where a concert was taking place. Captain Myers of the Harrison County Sheriff's Department initiated a traffic stop after noticing a vehicle make a u-turn. The driver allegedly had glassy eyes and appeared nervous. He stated that he missed the turn to the concert; his wife was following in a separate car. He denied being under the influence of any substance. Sergeant Kelly of Jefferson County then arrived at the scene and spoke to the driver. During this conversation, the driver produced a bag of marijuana which was on his person. A decision was made to tow the vehicle.
Officer Jones, who had arrived at the scene in time to see the driver produce the marijuana, was asked to remove the passenger (appellee) from the car. When appellee exited the vehicle, Officer Jones ordered him to put his hands on the car. The officer then frisked appellee and felt "a bulge of a pack of something." The officer inquired as to the pack, and appellee responded that it was a pack of cigarettes. The officer removed the pack of cigarettes and opened the lid. Inside the pack, he found forty hits of LSD. Appellee was arrested and thereafter indicted for fourth degree felony possession of drugs in violation of R.C. 2925.11 (A).
Appellee filed a motion to suppress the evidence. The court granted this motion after a hearing at which Captain Myers and Officer Jones testified. The state timely appealed.
 ASSIGNMENT OF ERROR
The state's sole assignment of error alleges:
 "THE TRIAL JUDGE ABUSED HIS DISCRETION BY SUPPRESSING VALIDLY COLLECTED LSD EVIDENCE PURSUANT TO A PAT DOWN SEARCH FOR OFFICER SAFETY."
At a suppression hearing, the evaluation of the evidence and the credibility of the witnesses are issues for the trial court.State v. Mills (1992), 62 Ohio St.3d 357, 366. Then, the reviewing court independently determines as a matter of law whether the factual findings meet the appropriate legal standard. State v.Lloyd (1998), 126 Ohio App.3d 95, 100-101. The state contends that the trial court erred in suppressing the evidence because appellee was lawfully frisked and the cigarette pack was lawfully seized and searched.
The initial inquiry is whether the officer had reasonable suspicion to frisk appellee. A frisk or pat down may be conducted during a valid investigatory stop. See Terry v. Ohio (1968),392 U.S. 1. This protective search of a detainee's outer clothing may constitutionally occur only if the officer reasonably believes that the detainee is armed and dangerous. Id. at 24. A citizen may not be frisked on a belief that he possesses drugs; the belief must be that the citizen possesses a weapon. Ybarra v. Illinois
(1979), 444 U.S. 85 (stating that frisks are not permissible merely because the police have a reasonable belief that a person is connected with drug trafficking and may be concealing or carrying away contraband). Whether the officer's belief is reasonable depends on the totality of the circumstances. State v.Freeman (1980), 64 Ohio St.2d 291.
In arguing that the officer possessed a reasonable belief that appellee was armed and dangerous, the state focuses on the fact that the driver produced a bag of marijuana. The state also points out that the encounter took place at 10:00 p.m. Appellee counters that his mere association with a drug user did not give police reasonable suspicion to frisk him. Appellee notes that no evidence established that he was acting nervous, engaging in suspicious conduct or making furtive gestures.
The officer testified that he was concerned for his safety when appellee was in the vehicle because he could not see appellee's hands. The officer ordered appellee out of the vehicle which was permissible on many grounds, especially since the car was going to be towed. See Maryland v. Wilson (1997), 519 U.S. 408
(holding that an officer may order the driver and passenger out of a vehicle lawfully stopped for a traffic violation). The officer admitted that after appellee was removed from the vehicle and his hands were placed on the hood of the car, he was no longer concerned for his safety. (Tr. 24, 29). Yet, he continued to frisk appellee. The only evidentiary support set forth by the state relative to a reasonable suspicion to frisk is the time of 10:00 p.m. and the marijuana that was voluntarily surrendered by the driver. The police officer's reasoning was that the driver had drugs, so the passenger might have a weapon or more drugs. (Tr. 25). Although the state now argues that the area was known for being one of high drug activity, no testimony was introduced on this allegation at the hearing before the trial court. Additionally, the area was not secluded since a concert was taking place and four to five officers were on the scene.
Our review of the record substantiates the conclusion of the trial court that the testimony at the suppression hearing did not reveal an articulable suspicion that appellee was armed and dangerous. After ordering appellee out of the vehicle, the officer noticed that appellee's hands were empty. No noticeable bulges were viewed on appellee's clothing. Appellee was cooperative and was not acting nervous or threatening. No suspicious actions were described. The officer did not provide any testimony whatsoever about appellee's demeanor or appearance prior to the frisk. Hence, an individualized suspicion regarding appellee was lacking.
Instead of revealing his individualized suspicion, the officer testified as to his inference that because the driver had marijuana, the passenger may have a weapon, marijuana or other drugs. (Tr. 25). Although the officer later insisted that he only searched appellee to protect himself from weapons, the trial court was entitled to give the first answer of the officer more weight. See Mills, 62 Ohio St.3d at 366. The officer's admission that his frisk encompassed a search for drugs, implies that any suspicion that appellee was armed was nothing more than an inarticulate hunch.
Even if a reasonable inference could be drawn that weapons are usually close at hand to a person who deals drugs, there was no testimony that the driver possessed marijuana for anything other than personal use. The state could have offered testimony on the amount of marijuana voluntarily produced by the driver. However, such testimony was not evoked. Hence, there is nothing in the record that suggests that the driver was suspected of trafficking.
Furthermore, merely because an associate of a person arrested for carrying marijuana does not mean that said associate and his belongings are subject to search. See, e.g., State v. Brown
(1992), 83 Ohio App.3d 672, 676 (holding that reasonable suspicion to detain one person does not transfer to a person with whom he is walking); State v. Sturm (Nov. 28, 1994), Stark App. No. 1994-CA-0154, unreported, 2 (holding that an officer may not frisk a person merely because she is a passenger in a car that is being impounded due to the driver's wrong-doing). Specifically, inSibron v. New York (1968), 392 U.S. 40, the United States Supreme Court stated that the defendant's acts of talking to ten drug addicts over an eight-hour period does not give rise to a reasonable suspicion that the defendant is armed and dangerous.Id. at 62. The court emphasized that a frisk is for weapons not for drugs. Id. The court also implied that association does not give rise to reasonable suspicion to frisk.
Moreover, the court, in United States v. Di Re (1948),332 U.S. 581, 587, held that probable cause to arrest a driver and search his car does not justify a body search of a passenger. See, also, Ybarra, 44 U.S. at 86 (holding that presence at tavern where search warrant for heroin is being executed does not provide reasonable suspicion to frisk patron and seize cigarette pack with objects in it found on patron). A person's "mere propinquity to others independently suspected of criminal activity" is not a justification to search that person. Id. at 91. See, also,Wyoming v. Houghton (1999), 526 U.S. 295, 304, 307 (distinguishing between a passenger's property left in a car driven by an arrestee and a passenger's property located on his body)
Here, appellee was merely a passenger. Upon exiting the vehicle at the officer's request, there were no furtive or nervous gestures. His hands were in plain view and no weapons were readily apparent about his person or within his immediate control. If one would give credence to the state's position, one student on a school bus field trip in possession of a bag of marijuana would authorize the police to search every other student on the bus, especially if the bus was stopped after 10:00 p.m. in an area populated with a concentration of police officers at the scene. We cannot give any credence to such a wholesale pummeling of individual constitutional rights.
Accordingly, it is our conclusion that the testimony failed to establish that the officer had a reasonable and articulable suspicion that appellee was armed and dangerous. At a suppression hearing, the state has the burden to prove that a search and seizure meets the requirements of the Fourth Amendment and the cases interpreting it. Maumie v. Weisner (1999), 87 Ohio St.3d 295,297. The state has failed to meet its burden in this case. The frisk of appellee, unsupported by a reasonable and articulable suspicion that he was armed, represents an unlawful governmental intrusion upon a citizen's personal security.[1]
For the foregoing reasons, the trial court did not err when it granted appellee's motion to suppress the evidence. Accordingly, the state's assignment of error is overruled, and the trial court's judgment is hereby affirmed.
Cox, P.J., concurs, Waite, J., concurs.
 _________________________ JOSEPH J. VUKOVICH, JUDGE
[1] We note that even if reasonable suspicion existed to frisk, it is questionable whether the officer properly opened the pack cigarettes. See, e.g., State v. Evans (1993), 67 Ohio St.3d 405,416 (where the Court held that an officer cannot remove an object that he should know is not a weapon merely because it may contain a small weapon such as a razor blade, reasoning that a razor blade could be hidden virtually anywhere and a right to search for it would provide an impermissible pretext to conduct a full search tantamount to a search incident to arrest); State v. Ciszewski
(Jan. 29, 1999), Guernsey App. No. 97 GCA 17, unreported, 3 (holding that a frisk exceeded the permissible scope where the officer, who did not feel a weapon, removed and opened a cigarette pack).